UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|   |   |
|---|---|
| DAVID MARISCAL, )<br>  ) | |
| Petitioner, ) | 2:11-cv-01846-KJD-CWH |
| vs. ) | **ORDER** |
| DWIGHT NEVEN, *et al.*, ) | |
| Respondents. ) | |

    This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed November 23, 2011, this Court dismissed the petition with prejudice, and judgment was entered that same date. (ECF No. 5 & 6). Petitioner appealed. (ECF No. 8). On February 14, 2012, the Court of Appeals for the Ninth Circuit entered an order denying petitioner's application to file a second or successive petition. (ECF No. 13). On April 27, 2012, the Court of Appeals entered an order denying petitioner's request for a certificate of appealability and denying all pending motions. (ECF No. 16).

    Petitioner has filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. (ECF No. 20). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

In the instant case, on November 23, 2011, this Court properly dismissed the petition as successive. (ECF No. 5). In his motion for reconsideration, petitioner has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. The Court notes that the case cited by petitioner has no bearing on this case. The Court of Appeals has denied petitioner's application to file a second or successive petition. (ECF No. 13). On April 27, 2012, the Court of Appeals entered an order denying petitioner's request for a certificate of appealability in this case, and denied all pending motions. (ECF No. 16). Petitioner has failed to make an adequate showing under Rule 60(b) to justify granting his motion for relief from judgment.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment (ECF No. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's "objections" (ECF No. 22) to the minute order of the Magistrate Judge are **DENIED.**

1       **IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed
2 action.

3     DATED: April 5, 2013

_____
UNITED STATES DISTRICT JUDGE